## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **A/R ROOFING, L.L.C., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 05-1158-WEB** |
| ) | |
| **CERTAINTEED CORP., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on CertainTeed's motion for a protective order (Doc. 34). The parties agree that a protective order is appropriate for confidential business information that is likely to be disclosed during the discovery process but disagree on two provisions. Specifically, CertainTeed seeks an order 1) limiting the disclosure of certain "highly sensitive" information to *only* counsel (designated as "attorney-eyes only") and 2) allowing parties an opportunity to object to the disclosure of confidential information to a non-party, e.g., an expert who might be one of CertainTeed's competitors. Plaintiffs and defendant North Pacific Group, Inc. object to the restrictions, arguing that the proposed provisions inhibit their discovery efforts and add unnecessary expense. As set forth in greater detail below, CertainTeed's motion for a protective order shall be **GRANTED WITH MODIFICATIONS.**

## Background

This action springs from disputed representations concerning the quality of shingles manufactured by CertainTeed and resold by North Pacific Group.[1]  Highly summarized, the following facts provide context for the motion and the parties' arguments.

Plaintiffs engage in the sale and installation of roofing materials.  In late 2003 they purchased 23 truckloads of "Landmark 30" shingles from North Pacific for roofing projects in central Kansas.[2]  They allege that North Pacific represented that the shingles were "#1" and plaintiffs made the corresponding representation to their customers.   However, CertainTeed disputes that the shingles were "#1" and (in October 2004) issued a letter of clarification in October 2004 stating:

> 23 trucks of CertainTeed Landmark 30, produced at our Birmingham, Alabama plant, were sold to a seconds broker at a discounted price with a reduced warranty.  This material was shipped to Rooftop Wholesale / AR Roofing for their use in their sales market.  We advised the broker that the close-out shingles would not carry our full warranty and he has verified that he communicated these restrictions to his customer, Rooftop Wholesale.  Since the shingles were sold based on the potential for visual impairment (wavy or buckled), we eliminated that coverage from the warranty.  This was communicated by a letter to the broker, which he has on file.
>
> We have received many calls from homeowners, distributors, and contractors regarding these visually impaired roofs.  They have asked that

---

[1]  Plaintiffs purchased the shingles from the "Allen Timber Company" which is the trade name for defendant North Pacific Group, Inc.

[2]  A/R Roofing, L.L.C. and American Standard Roofing, L.L.C. are roofing contractors.  Roof Top Wholesale, L.L.C. is a wholesaler of roofing materials.  All three companies are located in Pratt, Kansas and owned by members of the Walker family.

we take a stance and communicate our position on these shingles in order to avoid any confusion.  This bulletin should clear up any concerns regarding these shingles and the warranty available on them.[3]

Plaintiffs contend that their business "declined sharply" after this letter was distributed to customers and competitors.

Based on the above letter and their belief that they purchased #1 shingles, plaintiffs make the following claims against CertainTeed: 1) tortious interference with prospective business advantage; 2) tortious interference with existing contracts; and 3) defamation.  In the event that CertainTeed's version of events is accurate and the 23 truckloads of shingles were inferior and sold to North Pacific at a deep discount with limited warranties, plaintiff also makes the following claims against North Pacific: 1) breach of warranty and 2) fraud and misrepresentation.

## Motion for Protective Order

The protective order proposed by CertainTeed is one which is frequently agreed to by seasoned litigators when both sides recognize that sensitive personal, business, or financial information will be the subject of discovery requests.  Rather than submit every item to the court for review, the parties stipulate to a protocol for designating information as

---

[3]

    North Pacific admits that:  1) "initially" the shingles had a wavy appearance, 2) the defect was "clearly visible" to North Pacific,  3) the shingles carried a limited warranty , and 4) because of the defect, CertainTeed sold the shingles to North Pacific at a "substantially discounted price." North Pacific's Answer to CertainTeed's Cross Claim, (Doc. 26).  Notwithstanding these admissions, North Pacific asserts that it sold only #1 shingles to plaintiffs.  Amended Complaint, Ex. B, (Doc. 13).

"confidential" and/or "attorney-eyes only."  Pursuant to the stipulation, designated materials are produced for review on an expedited basis and further distribution or use is limited by the terms of the agreement.  The stipulation also typically includes a method for challenging a document's designation as "confidential" or "attorney-eyes only."  Because such stipulated protective orders facilitate and expedite the exchange of sensitive information, this court has regularly approved such orders.  As noted above, the parties agree that such a protective order is appropriate in this case with two exceptions discussed in greater detail below.

### "Attorney-Eyes Only" Designation

CertainTeed proposes that the terms of the protective order allow a party to designate what it considers "extremely sensitive" trade secrets or commercial information as "CONFIDENTIAL—ATTORNEYS' EYES ONLY."[4]  Under CertainTeed's proposal, the attorneys, their support staff and retained experts would be allowed to review such information.  However, officers, directors, and employees of the opposing parties would not be permitted to review such information absent a court order.

In support of its motion, CertainTeed argues that (1) confidential pricing information and (2) information related to its manufacturing processes are likely to be the subject of

---

[4]     The proposed protective order also permits an alternative designation of "CONFIDENTIAL" for business information that is considered confidential or proprietary but less than "highly sensitive."  Opposing counsel *and their clients* are permitted to review information designated as "CONFIDENTIAL." This provision is not in dispute and is approved without further comment.

discovery requests. Because plaintiffs and North Pacific are "competitors" in the roofing industry, CertainTeed contends that certain "highly sensitive" information should be withheld from officers, directors and employees of the opposing parties so that CertainTeed is not placed "at a considerable disadvantage in the market place." CertainTeed also proposes that one in-house attorney for each party be given access to the information so that all parties have "access to the information needed to fully litigate their claims and defenses."

Plaintiffs and North Pacific dispute the assertion that they compete with CertainTeed and argue that CertainTeed has failed to show that the additional burden of an "attorney-eyes only" designation is warranted. Plaintiffs which are relatively small business entities argue that the attorney-eyes only requirement precludes them from using their clients' expertise to evaluate data and inevitably increases their consultant and expert expenses. Moreover, plaintiffs do not have in-house counsel. North Pacific concurs with plaintiffs' arguments and also contests CertainTeed's assertion that "highly sensitive" information is at issue in this case. North Pacific argues that the primary issues in this case are: 1) "who said what to whom" and 2) what was/is an appropriate description of the quality of the shingles (#1 or #2) and that an "attorney-eyes only" provision is unnecessary.

With respect to manufacturing processes, the court is not persuaded that plaintiffs and North Pacific are "competitors" of CertainTeed. No evidence has been presented by CertainTeed, the party with the burden of persuasion, that plaintiffs and North Pacific both manufacture or produce shingles. At best, the evidence shows that plaintiffs and North Pacific sell and/or install shingles. Accordingly, the court rejects CertainTeed's request for

an "attorney-eyes only" designation for information related to the manufacturing process. The provisions of the protective order for designating information as "CONFIDENTIAL" provide sufficient protection for discovery information concerning CertainTeed's manufacturing processes.

The issue of designating "highly sensitive" pricing information as attorney-eyes only material presents a much closer question. Although not manufacturing competitors, plaintiffs and North Pacific are certainly purchasers of CertainTeed shingles and the disclosure of sensitive pricing information arguably could place CertainTeed at a disadvantage in the marketplace, particularly in the context of future sales negotiations. Under the circumstances, CertainTeed's request to designate certain "highly sensitive" pricing information as "attorney-eyes only" is granted. However, the protective order shall include a provision for challenging such a designation and the court shall resolve such disputes on an expedited basis.

In addition to pricing and manufacturing information, CertainTeed seeks authority to designate *any other information* it deems "highly sensitive" as "attorney-eyes only" because "it is difficult to tell where discovery may venture at this stage of the case." The court declines to approve such a blanket authorization because the justification for such language is simply too vague. Based on the pleadings before the court, the primary factual issues in this case appear to be, as suggested by North Pacific, 1) "who said what about the shingles" and 2) what was the actual quality of the shingles. Given these issues, it is not clear what "highly sensitive" information beyond pricing would warrant a designation as "attorney-eyes

only." Under the circumstances, the court declines to approve a protective order granting CertainTeed authority to designate "any other" materials beyond pricing as "attorney-eyes only."[5]

### Disclosure of Confidential Information to Non-parties

CertainTeed's proposed protective order contemplates that materials designated as "confidential" or "attorney-eyes only" may be shared with non-parties such as independent consultants or retained expert witnesses who agree to be bound by the terms of the protective order. In addition, CertainTeed requests that the names of the non-parties be provided before disclosure so that an opposing party has an opportunity to object if it deems necessary. The court is satisfied that the clause providing for an opportunity to object to disclosure is appropriate. Accordingly, the clause shall be included in the protective order.

**IT IS THEREFORE ORDERED** that CertainTeed's motion for a protective order **(Doc. 34)** is **GRANTED WITH MODIFICATIONS.** The parties shall confer and submit a protective order consistent with the rulings set forth herein by **December 15, 2005.**

---

[5] No specific discovery requests are before the court and the court declines to speculate on what "other" information might justify "attorney-eyes only" protection. This ruling is without prejudice to CertainTeed renewing a motion for an "attorney-eyes only" protective order. However, any such motion shall relate to a specific discovery request and explain in detail the harm CertainTeed will suffer if the information is released to plaintiffs and North Pacific's officers or employees.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 5th day of December 2005.


S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge