**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **A/R ROOFING, L.L.C., et al.,**  )<br>)<br>**Plaintiffs,**  )<br>)<br>v.  )<br>)<br>**CERTAINTEED CORP., et al.,**  )<br>)<br>**Defendants.**  )<br>)<br>)  | Case No. 05-1158-WEB |

## MEMORANDUM AND ORDER

This matter is before the court on CertainTeed's motion to compel production of certain "electronic files" and for a more definite description of materials considered by plaintiffs' damage expert. (Doc. 155) For the reasons set forth below, CertainTeed's motion shall be **GRANTED.**

### Background

The motion before the court relates to plaintiffs' Rule 26(a)(2) expert witness disclosures.[1] Plaintiffs' damage expert, Dr. Michael Pflaum provided a report setting forth

---

[1] The genesis of this case is a letter by CertainTeed suggesting that the shingles which plaintiffs were installing were "seconds." Plaintiffs allege that their business declined after the letter was distributed. The circumstances giving rise to this case are set forth in greater detail in a prior opinion (Doc. 44) and will not be repeated.

his opinion of plaintiffs' economic losses based on his analysis of (1) the number of potential customers provided with roofing estimates, (2) the number of contracts actually entered into, and (3) storm data from the National Oceanic and Atmospheric Administration (NOAA).

## Motion to Compel

CertainTeed seeks to compel the customer information stored in electronic format in order to verify its accuracy. In support of its motion, CertainTeed asserts that the number of estimates and contracts exceeds 10,000 and that production of the data in electronic format is more efficient. CertainTeed also contends that the hard copy of customer names provided by Dr. Pflaum is inadequate because he utilized an "incredibly small type-size."

Plaintiffs oppose the motion, arguing that the scheduling order prohibits CertainTeed from conducting "expert" discovery until CertainTeed produces its expert reports. However, contrary to plaintiffs' argument, the scheduling order (Doc. 24) contains no such restriction. Accordingly, plaintiffs' objection that CertainTeed's discovery request is "untimely" or somehow prohibited by the scheduling order is rejected.

The court also agrees that the font used by Dr. Pflaum in his "hard copy" list of customer estimates and contracts is "incredibly small" and difficult to read without magnification. Because the hard copy list is inadequate and CertainTeed's discovery request is not otherwise prohibited by the scheduling order, the motion to compel the data in electronic format shall be granted.

CertainTeed also seeks to compel plaintiffs to disclose the NOAA weather data that

Dr. Pflaum reviewed to prepare his report. Plaintiffs oppose the request, arguing that the weather data "is published information available to all parties from the National Weather Service."[2] This is an inappropriate argument and summarily rejected. The fact that NOAA weather data is "published" or otherwise available to the public is not determinative; rather, the issue is "what weather data did Dr. Pflaum review and consider in reaching his opinions." CertainTeed is entitled to discover the materials and information which Dr. Pflaum considered in reaching his opinion.

**IT IS THEREFORE ORDERED** that CertainTeed's motion to compel **(Doc. 155)** is **GRANTED.** Plaintiffs shall produce the (1) electronic files and (2) NOAA data described herein by **August 25, 2006.**[3]

**IT IS FURTHER ORDERED** that CertainTeed's deadline for producing its expert disclosures is extended to **September 1, 2006.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of August 2006.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[2] Plaintiffs also argue that the scheduling order prohibits discovery of this information until CertainTeed produces its expert disclosures. For the reasons stated above, the court rejects this argument.

[3] The court rejects plaintiffs' alternative request that CertainTeed should share in the cost of creating the electronic files.