IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A/R ROOFING, L.L.C., <br> AMERICAN STANDARD ROOFING, L.L.C., <br> and ROOF TOP WHOLESALE, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> CERTAINTEED CORP., and <br> NORTH PACIFIC GROUP, INC., <br><br> Defendants. | No. 05-1158-WEB |

## **Memorandum and Order**

This matter is before the court on plaintiffs' motion to review an order of the Magistrate Judge entered on October 17, 2006. Among other things, the order permitted the defendant North Pacific Group, Inc. ("NPG") to amend its answer to assert the affirmative defenses of comparative fault, estoppel, and failure to mitigate damages. Plaintiffs now object to the order insofar as it allowed the assertion of comparative fault, arguing NPG was or should have been aware of the factual basis for such a defense well before the deadline for amendments to the pleadings.

I. *Background*.

Plaintiff A/R Roofing brought this action on April 11, 2005, by filing a petition in the District Court of Pratt County, Kansas. The petition, which named CertainTeed Corp. as the sole defendant, alleged that plaintiff had purchased a large quantity of shingles manufactured by defendant and sold by the Allen Timber Company, an affiliate of North Pacific Group, Inc. Plaintiff alleged the shingles were represented by the seller to be "first"quality or #1 shingles. According to the petition, sometime thereafter defendant CertainTeed Corp. represented to plaintiff's competitors,

customers, and prospective customers that plaintiff was knowingly using "seconds" or #2 shingles. The petition alleged that plaintiff's business suffered as a result of the defendant's representations, and it asserted claims for tortious interference with contracts and prospective business advantage, and for defamation. Defendant CertainTeed removed the action to U.S. District Court on May 26, 2005, alleging the dispute fell within the court's diversity jurisdiction under 28 U.S.C. § 1332.

The case was referred to Chief Magistrate Judge Karen M. Humphreys for pre-trial scheduling and discovery. In August of 2005, plaintiffs A/R Roofing, American Standard Roofing, and Roof Top Wholesale filed an amended complaint adding as defendants the Allen Timber Company and North Pacific Group, Inc. In addition to the claims previously asserted, plaintiffs added claims for breach of warranty and fraud and misrepresentation. On October 14, 2005, Judge Humphreys entered a Scheduling Order setting various deadlines, including a deadline of November 1, 2005, for amendments to the pleadings. Doc. 24. The Order set a fact discovery deadline of May 1, 2006, and an expert discovery deadline of July 7, 2006. Under paragraph 4(a) of the initial scheduling order, it was stated that "[t]he parties agree that principles of comparative fault to not apply to this case." Doc. 24 at 8.

CertainTeed answered the amended complaint on September 27, 2005, and asserted counterclaims against plaintiff and cross-claims against the North Pacific Group defendants. The North Pacific Group defendants answered on October 17, 2005.[1] Various discovery matters were addressed in the ensuing months, with a significant number of depositions being conducted in February and March 2006, and again in May 2006. The Magistrate subsequently granted plaintiffs'

---

[1] On November 1, 2005, defendants Allen Timber Company and Allen Timber Company, Southern Division of North Pacific Group, Inc. were dismissed pursuant to an agree-upon order because they were not legally cognizable entities. Doc. 33.

unopposed request to extend the discovery deadline to June 1, 2006.  Doc. 89.  The Magistrate also granted various other extensions requested by the parties, such as an extension of time to submit expert reports and to take certain depositions.  See e.g., Docs. 137, 139.  Throughout June, July, and August of 2006, the Magistrate Judge continued to address motions and/or objections by the parties pertaining to discovery.

On August 22, 2006, North Pacific Group moved to amend its answer out-of-time and to modify the court's scheduling order.  The motion asserted that NPG had not anticipated that comparative negligence would be an issue in the case, but depositions and discovery obtained after the deadline for amending pleadings "have identified several ways in which the other parties in this case acted negligently and contributed to" the causes of plaintiffs' damages.  Doc. 163.  It asserted that such a defense was relevant to plaintiffs' claim of negligent misrepresentation, and that under the standards of Rule 15(a) the interests of justice favored allowance of the amendment.

On August 23, 2006, Judge Humphreys granted a joint motion to revise the scheduling order in various respects.  The Order established a deadline for expert disclosures of September 15, 2006, a discovery deadline of November 17, 2006, a mediation deadline of December 8, 2006,  a final pretrial conference deadline of December 8, 2006, and a dispositive motion deadline of January 5, 2007.[2]  Doc. 166.  The case was anticipated to be ready for trial by April of 2007.

On September 5, 2006, plaintiffs and defendant CertainTeed filed their opposition to NPG's motion to amend, asserting that all of the facts alleged by NPG in its Proposed Amended Answer were within NPG's knowledge either before the December 30, 2005 deadline or at least well before

---

[2]The mediation deadline has now been extended to January 19, 2007,  Doc. 190, and the Pretrial Conference has been stayed until after mediation.  Doc. 191.

its filing of the request to amend. They also argued that the allowance of the modification would require significant additional discovery. NPG filed an extensive reply containing a recitation of numerous facts it allegedly uncovered in the course of discovery and arguing that it had shown good cause for the amendment.

II. *Order Granting NPG's Motion to Amend*.

Judge Humphreys granted the motion to amend in an order filed October 17, 2006. Doc. 178. She noted that under Rule 15(a), leave to amend was to be granted freely, and the federal rules favored resolution of cases on the merits rather than on technical grounds. Although she said it was a "close question" whether NPG knew or should have known of the underlying facts prior to the amendment deadline, Judge Humphreys found "the scales tip in favor of North Pacific's assertion that the depositions provided new evidence." *Id*. at 5. The Judge rejected arguments by plaintiffs and CertainTeed that they would be prejudiced by the amendment, saying they had not supported such allegations with specifics. Moreover, the Judge said she would allow them to supplement written discovery in order to minimize any prejudice, and would entertain in expedited fashion any requests to re-depose fact witnesses and to shift the cost of additional discovery to NPG. *Id*. at 6.[3]

III. *Plaintiffs' Motion for Review*.

Plaintiffs argue the amendment asserting comparative fault should not have been allowed because it was untimely and there was no justification for NPG's nearly nine-month delay past the amendment deadline. Doc. 184 at 5. Plaintiffs take issue with NPG's assertion of what it says it learned in discovery, particularly NPG's claim that it learned from the depositions of Buz and Kathy

---

[3] Plaintiffs have filed a motion to re-depose three witnesses as a result of NPG's amendment. *See* Doc. 185. That motion is currently pending before Judge Humphreys.

Walker that plaintiffs had not listened carefully to the Allen Timber Company's oral description of the shingles. *Id*. at 4. Plaintiffs argue NPG had a sufficient basis for making a comparative fault claim by October 7, 2005, when it asserted at the parties' initial planning meeting that it had a defense because it had adequately described the shingles to Roof Top Wholesale. Doc. 184, Exh. A at 6. Plaintiffs point out that a party need not wait until all depositions are completed and all factual allegations are reinforced before seeking to amend its pleadings. Moreover, citing NPG's assertion that no additional discovery is required on the new defense, plaintiffs argue that NPG is having its cake and eating it too because "Defendant gets the late amendments and Plaintiff can do no discovery on the new issues." Doc. 188 at 3. Under the circumstances, plaintiffs argue the delay was not justified and the amendment should not be allowed.

IV. *Discussion*.

Rule 72(a) of the Federal Rules of Civil Procedure provides in part that as to non-dispositive matters, a magistrate judge to whom a pretrial matter has been referred shall promptly conduct such proceedings as are required and, when appropriate, enter a written order disposing of the matter. When a party files a timely objection to such a ruling, the district court shall consider such objection and shall modify or set aside any portion of the magistrate judge's order "found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Under the "clearly erroneous" standard, the district court must affirm the magistrate's rulings unless on the entire evidence it is left with the definite and firm conviction that a mistake has been committed. *Ocelot Oil Corp. v. Sparrow Indus*., 847 F.2d 1458, 1464 (10th Cir.1988). Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will overrule the magistrate's determination only if this discretion is abused. *Comeau v. Rupp*, 762 F.Supp. 1434, 1450

5

(D.Kan.1991).

Rule 15(a) provides in part that leave to amend the party's pleading shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). The purpose of the rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (*quoting Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982)). At the same time, a court may properly deny a motion to amend as untimely if there has been undue delay on the part of the moving party. *See Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994). When determining whether a newly raised claim is untimely, the Tenth Circuit focuses primarily on the reasons for the delay. *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006).

Plaintiffs have shown that NPG knew for some time prior to the deadline of facts that could at least point to the possibility of a comparative fault defense. But the court cannot say the Magistrate Judge clearly erred insofar as she may have determined that the depositions taken by the parties after the amendment deadline disclosed new evidence to NPG that significantly bolstered the basis for such a defense, and which justified NPG's belated assertion of the defense. For example, NPG says new evidence was produced in the depositions pertaining to the actions or knowledge of Roof Top Wholesale employees, including evidence which could show that the agents had knowledge of the unusual "wavy" appearance of the shingles. NPG also cites what it contends is new evidence that CertainTeed's agents used the term "seconds" in varying and perhaps conflicting ways, thereby possibly contributing to the alleged negligent misrepresentation claimed by plaintiffs. Of course, the court expresses no opinion at this point about the viability of any such defenses, but it does conclude that the Magistrate Judge had a substantial basis upon which to conclude that NPG

had shown grounds for its belated assertion of the defense.

Other factors in the case also support affirmance of the Magistrate's determination, including the fact that no Pretrial Order has been entered and the matter has not yet been scheduled for trial. The allowance of the amendment in this instance should not significantly delay the disposition of the case. Moreover, as the Magistrate Judge noted, the court has discretion in these circumstances to ensure that the late assertion of the defense does not result in prejudice to the other parties, including by allowing the re-deposing of witnesses and shifting the cost of additional discovery to NPG.

V. *Conclusion*.

The court finds that the Magistrate Judge's Memorandum and Order of October 17, 2006 (Doc. 178) was not clearly erroneous or contrary to law. Accordingly, plaintiff's objection to the order is DENIED, and the Magistrate Judge's Order is AFFIRMED.

IT IS SO ORDERED this ___30th___ Day of November, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge